*Lewis & Porter, for appellant.*

*L. McQuown, William Dickinson, for appellees.*

---

WILLIAM SETTLE *v.* W. T. GRAY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—334.]

**Bond or Deed Held by Settler.**

Under the Act of 1835, where an actual settler upon land holds a deed or bond for title, a patent issued to another is void and does not authorize a recovery by the patentee, although the party in possession may not be able to trace his title back to the commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 19, 1880.

OPINION BY JUDGE PRYOR:

As to the possession of the thirty-one acres of land in dispute it seems that the proof is equally balanced, and the patent issued to

Settle in the year 1837 will enable him to recover unless the appellees have shown an elder patent, or had acquired title, other than the mere possession, prior to the entry and patent by Settle. There is much testimony showing that the entry by Settle was within the patent to Claypool, and if not it does not appear that the ancestor of the appellees held a title bond for the land at the time the appellant obtained his patent. Under the act of 1835, where an actual settler upon the land holds a deed or bond for title, a patent issued to another is void, and will not authorize a recovery by the patentee, although the party in possession may not be able to trace his title back to the commonwealth. While the proof as to the existence of the bond is not altogether satisfactory, we are inclined to think that such a paper was executed, and that the ancestor of the appellees was in possession before the entry by the appellant is, we think, established, and therefore the judgment against the appellant was proper and is *affirmed.*

*Leslie & Botts, for appellant.　Lewis & Porter, for appellees.*